491 F.2d 845
 The NATIONAL NUTRITIONAL FOODS ASSOCIATION and Solgar Co.,
Inc., Plaintiffs-Appellants,
v.
Caspar W. WEINBERGER, Secretary of Health, Education and
Welfare, and Alexander M. Schmidt, Commissioner of
Food and Drugs, Defendants-Appellees.
 No. 439, Docket 73-2430.
 United States Court of Appeals, Second Circuit.
 Argued Oct. 19, 1973.
Decided Dec. 11, 1973.
 
 Milton A. Bass, New York City (Bass & Ullman, New York City, on the brief), for plaintiffs-appellants.
 Naomi L. Reice, Asst. U.S. Atty., New York City (Paul J. Curran, U.S. Atty., and John W. Nields, Jr., Asst. U.S. Atty., on the brief), for defendants-appellees.
 Before MEDINA, LUMBARD and TIMBERS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The sole issue on this appeal from an order entered September 25, 1973 in the Southern District of New York by Marvin E. Frankel, District Judge, which denied plaintiffs' motion for a preliminary injunction to enjoin regulations of the Food and Drug Administration concerning Vitamins A and D from becoming effective, is whether, under the well established standards in this Circuit applicable to the extraordinary remedy of a preliminary injunction, the district court abused its discretion in denying it. We affirm.
 
 
 2
 Appellants are the National Nutritional Foods Association, a trade association of manufacturers, wholesalers and retailers of vitamins and dietary supplements, and Solgar, Co., Inc., a manufacturer, distributor and seller of vitamin supplements. Appellees are the Secretary of HEW and the Commissioner of Food and Drugs.
 
 
 3
 On December 19, 1972, the Commissioner proposed, by publishing in the Federal Register, certain regulations of the Food and Drug Administration requiring that preparations of Vitamin A and Vitamin D in excess of 10,000 I.U. (international units) per dosage unit and 400 I.U. per dosage unit, respectively, be restricted to prescription sale and that such vitamins be labelled accordingly. 37 Fed.Reg. 26618 (1972), as amended, 38 Fed.Reg. 799 (1973). The regulations were proposed to implement the 'efficient enforcement' of Sections 502(a), (f) and (j) and 503(b) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. 352(a), (f) and (j) and 353(b) (1970), as authorized by 21 U.S.C. 371(a) (1970), and pursuant to powers delegated to the Commissioner by 21 C.F.R. 2.120(a)(1) (1973).
 
 
 4
 Consideration of the proposed regulations followed standard rule making procedure prescribed by the Administrative Procedure Act, 5 U.S.C. 553 (1970), including requirements as to notice and public participation. Among the 2500 comments received in response to the Commissioner's invitation were comments from the two appellants herein, each of which submitted voluminous factual material and expert opinions opposing the proposed regulations. After due consideration, the Commissioner concluded that the regulations should be adopted. Accordingly, they were promulgated on July 25, 1973, to become effective October 1, 1973. 38 Fed.Reg. 20723, 20725 (1973).
 
 
 5
 Having failed to dissuade the Commissioner from promulgating the regulations, appellants on August 6, 1973 commenced the instant action in the Southern District of New York seeking declaratory and injunctive relief. Jurisdiction was invoked pursuant to 28 U.S.C. 1331(a) (1970). A week later, appellants filed their motion for a preliminary injunction which Judge Frankel denied on September 25, 1973 in an opinion setting forth his findings of fact and conclusions of law. On September 26, we ordered an expedited appeal and heard it on October 19.
 
 
 6
 Our careful examination of the record satisfies us that it fully supports the district court's denial of a preliminary injunction under the well established standards in this Circuit applicable to the extraordinary relief sought. See Gulf & Western Industries, Inc. v. Great Atlantic & Pacific Tea Company, Inc., 476 F.2d 687, 692-93 (2 Cir. 1973), and authorities there cited.
 
 
 7
 We affirm for the reasons stated in Judge Frankel's comprehensive opinion. 366 F.Supp. 1341 (S.D.N.Y.1973).
 
 
 8
 Affirmed.